
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD C. RODOLF,

    Plaintiff,

    v.

CHRISTOPHER KIELAND, *et al.*,

    Defendants.

Case No. C08-0475RSL

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by the three remaining defendants in this case: Detective Christopher Kieland, Sergeant Richard Connelly, and Deputy Dragic Micic (collectively, "defendants"). All three were King County Sheriff's deputies when the relevant events occurred. Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 alleging that defendants used excessive force while arresting following a late night, high-speed car chase.

For the reasons set forth below, the Court grants in part and denies in part defendants' motion. The Court grants the motion as to defendants Connelly and Micic, and denies the motion as to defendant Kieland.

## II. DISCUSSION

**A.   Background Facts.**

This is defendants' second motion for summary judgment. Defendants, along with two other defendants, filed their first motion for summary judgment in December 2008. At that time, plaintiff was proceeding *pro se*; the Court has subsequently appointed counsel for him. The Honorable Mary Alice Theiler, United States Magistrate Judge, issued a Report and Recommendation recommending that the Court grant the motion in part and deny it in part. The Court adopted the Report and Recommendation, granted the motion as to the two other deputies, denied the motion as to these defendants, and found that genuine issues of material fact remained.

Most of the facts relevant to this motion were set forth in the Report and Recommendation and will be summarized only briefly here. Just after midnight on March 25, 2005, plaintiff led Deputies Kieland, Micic, and Connelly on a high-speed chase that came to an abrupt halt after plaintiff plowed his car into a parked minivan in a residential neighborhood in North Seattle. With their guns drawn, the deputies approached the car and ordered plaintiff to get out with his hands up. Plaintiff did not comply. Instead, plaintiff attempted to restart the engine of the car. After plaintiff ignored additional commands to exit the vehicle, Kieland used his flashlight to break the driver's side window so that he could gain control of plaintiff.

Deputy Kieland states that plaintiff then put the car in reverse and the tires began spinning on gravel. Declaration of Christopher Kieland, (Dkt. #39) at ¶ 6. Kieland and Connelly reached inside the car and grabbed plaintiff. At that point, Kieland recognized plaintiff, whom he had arrested a week earlier for driving without a license and also about two months earlier for possession with intent to sell cocaine and heroin. Id. at ¶ 6. While

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR SUMMARY JUDGMENT - 2

the deputies were attempting to extricate plaintiff from the car, he was gripping the steering wheel with his left hand while keeping his right hand out of view. The deputies feared that he had a weapon in his right hand, and that he might attempt to drive off. Id. at ¶ 8; Declaration of Richard Connelly, (Dkt. #38) at ¶ 6.

It is at that point, with Kieland and Connelly attempting to pull plaintiff from the vehicle, that the parties' versions of what occurred diverge. Connelly and Kieland state that Kieland punched plaintiff once in the face once to gain control of him. Kieland Decl. at ¶ 8; Connelly Decl. at ¶ 4. According to defendants, the tactic worked: immediately after Kieland struck plaintiff, they were able to pull him from the car and onto the ground, where he continued to struggle. Plaintiff contends that Micic and Connelly restrained and immobilized him while Kieland struck him repeatedly in the face. Corrected Amended Complaint at pp. 12-13. The only eyewitness, the owner of the minivan, observed the officers reaching into the car and pulling plaintiff out; he did not see them punch or hit plaintiff while they were extracting him or once he was on the ground. Declaration of Cpiarian Julius, (Dkt. #88) at ¶ 4.

The deputies recovered a plethora of drugs and drug-related items from plaintiff's person and the vehicle, including powder cocaine, crack cocaine, and heroin. Kieland Decl. at ¶ 9. Medical aid was called to the scene to assist plaintiff, whose face was bleeding. A subsequent blood test at the hospital showed that plaintiff had cocaine and diazepam in his bloodstream at the time of the arrest. Id., Ex. B at p. 9. Plaintiff later pled guilty to attempting to elude a pursuing police vehicle and to violating the Uniform Controlled Substance Act. Id., Ex. D.

In their first motion for summary judgment, defendants argued that they did not use excessive force under the circumstances, that they are entitled to qualified immunity,

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR SUMMARY JUDGMENT - 3

1  and that statute of limitations barred the suit against all defendants except Kieland. The
2  Court granted summary judgment as to Deputies David Mann and Gregory Martinez,
3  explaining that there was no evidence that either used force against plaintiff. Report and
4  Recommendation at p. 6. The Court also found that the statute of limitations had not run.
5  The Court denied summary judgment for the three remaining defendants because
6  "[q]uestions remain about whether Mr. Rodolf was still resisting arrest [when Kieland
7  struck him], how many times he was struck in the face, and whether he was being
8  restrained at the time." Report and Recommendation at p. 10. The Court also refused to
9  dismiss the claim on qualified immunity grounds explaining that "an officer would know
10 that it was not objectively reasonable to continue to punch in the face a person who was
11 no longer a threat." Id. at p. 11. The parties have subsequently conducted additional
12 discovery.

**B.   Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec.

Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."  Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor."  Id. at 1221.

**C.    Analysis.**

As an initial matter, plaintiff has moved to strike two documents defendants filed with their motion: (1) the transcript of plaintiff's statement given to King County Sheriff's Internal Investigations Unit detectives on May 23, 2005, and (2) plaintiff's written complaint letter to the King County Ombudsman dated April 20, 2005.  Plaintiff makes no argument in support of striking the second item, and contends that the first item was not "sworn before an officer authorized to administer oaths."  Plaintiff's Response at p. 11.  However, both documents include plaintiff's own statements against interest.  Fed. R. Evid. 801(d)(2)(A).  Plaintiff also confirmed during his deposition that both were accurate in all materials ways.  Plaintiff's Dep. at pp. 72-73.  Therefore, the Court finds both documents reliable and admissible.

Having determined the scope of the record, the Court turns to the substance of the motion.  A claim of excessive force in violation of the Fourth Amendment turns on "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham v. Connor, 490 U.S. 386, 397 (1989).  The Court balances the quantum of force used against the need to use that quantum of force.  See, e.g., Deorle v. Rutherford, 272 F.3d 1272, 1283 (9th Cir. 2001).  The Ninth Circuit has identified several factors to consider in assessing an officer's need to use a particular amount of force: (1) the severity

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR SUMMARY JUDGMENT - 5

of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. Davis v. City of Las Vegas, 478 F.3d 1048, 1055 (9th Cir. 2007) (internal citation and quotation omitted). The Court also considers the type and amount of force used and the availability of alternative methods of capturing or subduing a suspect. See, e.g., id.; see also Chew v. Gates, 27 F.3d 1432, 1441 n.5 (9th Cir. 1994). Qualified immunity protects Section 1983 defendants as long as their conduct did not violate a clearly established constitutional or statutory right of which a reasonable person would have known. Saucier v. Katz, 533 U.S. 194, 201 (2001).

**1.     Defendants Connelly and Micic.**

Plaintiff contends that Sergeant Connelly and Deputy Micic "restrained" him "immobile" while Kieland punched him. When asked during his deposition what he meant by that statement, plaintiff clarified that the two officers pulled him out of the car window in a horizontal position. Plaintiff's Dep. at pp. 45-46. While they were doing so, Kieland allegedly punched him at least three times in rapid succession. Id. at p. 52; Declaration of Kerry Keefe, (Dkt. #87) ("Keefe Decl."), Ex. G at p. 8 (plaintiff stated that he was being pulled from the car, "then all of a sudden, bam, bam, bam . . . ."). Connelly and Micic did not strike him. Plaintiff's Dep. at p. 48. Nor does plaintiff allege that they knew Kieland was going to strike plaintiff, that they encouraged such conduct, or that they had any opportunity to prevent it. The record simply does not support plaintiff's contention that the officers restrained him to allow Kieland to beat him or to facilitate a beating. Cf. Micic Dep. at p. 38 (explaining that he did not hold plaintiff so that another officer could strike him); Connelly Decl. at ¶ 5 (explaining that he did not strike plaintiff or "hold him so he could be hit.").

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR SUMMARY JUDGMENT - 6

1    Moreover, plaintiff essentially concedes that the act of forcibly removing him from
2  the car did not in itself constitute excessive force.  Plaintiff's Response at p. 18 ("That
3  three well-trained officers were present to extract Mr. Rodolf from the vehicle is also a
4  factor for the jury to consider in assessing whether the punching was justifiable under the
5  Fourth Amendment.").  Regardless of plaintiff's failure to argue otherwise, the facts show
6  that Connelly and Micic did not use excessive force.  Although plaintiff argues that he has
7  a hearing impairment, there is no evidence that the officers were aware of that limitation.
8  Therefore, regardless of whether plaintiff actually heard the officers' repeated commands
9  to exit the vehicle, from their perspective he refused to comply with valid and repeated
10 commands.  The officers were justified in forcibly removing him from the vehicle to
11 complete the arrest, to control the situation, and to prevent plaintiff from restarting the
12 car, attempting to flee the scene, and/or reaching for a weapon.  Defendants Connelly and
13 Micic used no more force than was necessary to accomplish those goals.  Therefore, they
14 did not use excessive force and are entitled to summary judgment.

   **2.    Defendant Kieland.**

16   In contrast to defendants Micic's and Connelly's limited roles, according to
17 plaintiff's version of events, Kieland punched him at least three times in the face while he
18 was immobilized and not resisting.  There is a disputed issue of fact regarding how much
19 force Kieland used.  Defendants do not contend that the amount of force plaintiff claims
20 Kieland used was justified under the circumstances.  Instead, they argue that no
21 reasonable juror could believe plaintiff's account of the incident, so summary judgment
22 must be granted.  See Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties
23 tell two different stories, one of which is blatantly contradicted by the record, so that no
24 reasonable jury could believe it, a court should not adopt that version of the facts for

purposes of ruling on a motion for summary judgment."). Defendants argue that plaintiff's version of events is discredited because he has given different and contradictory versions of what occurred, he was under the influence of illegal drugs, and his account is contradicted by the officers and by the only eyewitness. Although plaintiff has given contradictory versions of the events, his statement has not varied on a material issue: he has consistently stated that Kieland punched him repeatedly while he was restrained and not resisting. Despite the fact that plaintiff's version of events differs from those of the other participants and the witness, credibility is an issue for the trier of fact, not for this Court, to resolve. Anderson, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.").

Defendants also argue that the declaration of the only eyewitness is akin to the videotape evidence in *Scott v. Harris*, and it objectively establishes certain facts so that no reasonable jury could believe plaintiff. A declaration from a witness, however, is not the same as a videotape. The latter depicts objective, observable images of an event that are indisputable, particularly where, as in *Scott*, there was no indication that the videotape was altered or that what it depicted differed from what actually occurred. Scott, 550 U.S. at 692-93.[1] In sharp contrast, plaintiff disagrees with the witness's version of events, and the Court cannot simply assume that the witness's version is correct. Finally, although

---

[1] As Justice Stevens noted in his dissent in *Scott*, even where a videotape is authentic and undisputed, the inferences and implications of what it shows may still lead to different conclusions for summary judgment purposes. Scott, 550 U.S. at 390-92 (Stevens, J., dissenting).

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR SUMMARY JUDGMENT - 8

defendants claim that the objective evidence also discredits plaintiff's version, the physician who treated plaintiff could not state whether plaintiff's injuries were caused by one or multiple punches.  Keefe Decl., Ex. E.  Because the medical evidence does not conclusively support defendants' version and because plaintiff is contesting that version, this case is readily distinguishable from *Gregory v. County of Maui*, 523 F.3d 1103 (9th Cir. 2008), a case on which defendants rely.

Certainly, plaintiff's credibility will be vigorously contested during trial based on his use of illicit drugs, his differing versions of events, and his admittedly hazy memory of the events leading up to the crash.  However, when viewing the evidence in the light most favorable to plaintiff, the Court cannot conclude as a matter of law that Detective Kieland did not use excessive force or that he is entitled to qualified immunity.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART defendants' second motion for summary judgment (Dkt. #85).  Plaintiff's claims against defendants Richard Connelly and Dragic Micic are hereby dismissed with prejudice.  Plaintiff may proceed with his excessive force claim against the remaining defendant, Detective Christopher Kieland.

DATED this 7th day of April, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge